By the Court:

It has always been our opinion, and in this, we believe the bar of the State has generally concurred, *299 that our act of Assembly in regard to foreign attachments does not extend to foreign corporations. It is true that the word person, occurring in the act, may and would embrace a corporation, as an artificial, though not a natural person, if there was nothing in the act itself, or in the mode of proceeding, or in the remedy authorized and prescribed by it, to preclude its application to the case of a foreign corporation. It is not the object or policy of the law, however, to seize and appropriate the property of any debtor without a hearing and an opportunity of defence against the demand, and therefore one of the principal objects, of all attachment process, under the act in question, is to compel the appearance of a debtor beyond the jurisdiction of the court, and to secure special bail to the plaintiff’s action, on which the attachment is to be dissolved and the property attached to be discharged; and the action is then to proceed to trial and judgment in the usual form. But a corporation cannot put in special bail or be surrendered to bail when it appears, if we could compel it in this mode to appear; and as the Legislature has made no provision by which a foreign corporation can put in special bail, or enter into security to the plaintiff to defend and abide the result of the action, when it appears to the attachment, it must be held and considered that the statute does not contemplate or include the case of a foreign corporation.
The writ of foreign attachment in this case must therefore he stricken off, and the first branch of the rule made absolute.